**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 99-4040

TERRY LAMONT PENDERGRASS,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Joseph F. Anderson, Jr., District Judge.
(CR-95-872-JFA)

Submitted: June 22, 1999

Decided: July 20, 1999

Before WIDENER and WILLIAMS, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Allen B. Burnside, Federal Public Defender, Columbia, South Caro-
lina, for Appellant. Dean Arthur Eichelberger, OFFICE OF THE
UNITED STATES ATTORNEY, Columbia, South Carolina; E. Jean
Howard, OFFICE OF THE UNITED STATES ATTORNEY, Green-
ville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terry Pendergrass appeals the district court's revocation of his supervised release term and its imposition of an eight-month prison sentence, based upon Pendergrass' admitted violation of the terms and conditions of his supervised release. Pendergrass' attorney has filed a brief in accordance with Anders v. California , 386 U.S. 738 (1967), claiming that the district court abused its discretion by imposing the eight-month prison sentence but concluding that there are no meritorious issues for appeal. In accordance with the requirements of Anders, we have examined the entire record and find no meritorious issues for appeal.

After Pendergrass pled guilty to possession of cocaine base with intent to distribute, the district court sentenced him to sixteen months imprisonment followed by three years of supervised release. While on supervised release, Pendergrass violated the terms of his supervised release by: (1) failing to complete the term of his home confinement; (2) failing to remain gainfully employed; and (3) receiving two new criminal convictions. Pendergrass admitted these violations at his supervised release revocation hearing. The district court sentenced Pendergrass to eight months in prison, and Pendergrass timely appealed.

We review a district court's revocation of supervised release for an abuse of discretion. See United States v. Copley , 978 F.2d 829, 831 (4th Cir. 1992). Pendergrass' claim that the district court abused its discretion in finding a violation of the conditions of his supervised release is without merit given his admission at the revocation hearing. In addition, Pendergrass does not dispute that the district court correctly calculated his guideline sentence range, and the range was within the statutory maximum penalty. Consequently, we will not review Pendergrass' sentence. See United States v. Porter, 909 F.2d 789, 794 (4th Cir. 1990).

2

Accordingly, we affirm both the district court's finding of a violation of the terms of supervised release and its imposition of the prison sentence on that violation. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED